IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LUCINDA VINE and KRISTY POND, on behalf themselves and for all others similarly situated,<br>　　Plaintiffs,<br><br>v.<br><br>PLS FINANCIAL SERVICES, INC., and PLS LOAN STORE OF TEXAS, INC.,<br>　　Defendants. | § § § § § § § § § § § § | EP-16-CV-31-PRM |

## MEMORANDUM OPINION AND ORDER TRANSFERRING CAUSE TO THE SHERMAN DIVISION OF THE EASTERN DISTRICT OF TEXAS

On this day, the Court considered Plaintiffs Kristy Pond and Lucinda Vine's [hereinafter "Plaintiffs"] "Response to the Court's Order to Show Cause" (ECF No. 100), filed on May 25, 2018, and Defendants PLS Financial Services, Inc. and PLS Loan Store of Texas, Inc.'s [hereinafter "Defendants"] "Response to Court's Show Cause Order" (ECF No. 101), filed on May 25, 2018, in the above-captioned cause. After due consideration, the Court is of the opinion that this cause should be transferred to the Sherman Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a), for the reasons that follow.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case concerns Plaintiffs' allegations that Defendants engaged in unlawful practices in attempting to collect on payday loans that Plaintiffs had received. Specifically, Plaintiffs allege that Defendants submitted false affidavits to the Collin County District Attorney ("DA") claiming that Plaintiffs had committed theft by check against Defendants when, in fact, they had not. The DA then sent letters to Plaintiffs threatening arrest and imprisonment if Defendants did not make restitution payments to the DA. As a result of receiving these letters, Plaintiffs allegedly paid additional fines and fees that they did not agree to pay when taking out their loans.

Accordingly, Plaintiffs filed suit on behalf of themselves and other similarly situated individuals in El Paso County Court at Law Number Seven on December 17, 2015. Not. Removal Ex. A, Jan. 26, 2016, ECF No. 1. On January 26, 2016, Defendants removed this case to federal court on the basis of diversity jurisdiction. *Id.* In their Notice of Removal, Defendants indicated that although venue was proper in this Court due to the location of the State proceeding, Defendants intended to seek a transfer to another district "in which a substantial part of the

events or omissions giving rise to the alleged claims asserted occurred." *Id.* They never moved for such a transfer. In Plaintiffs' Amended Complaint, they claim that venue is proper in the El Paso Division of the Western District of Texas because a "substantial part of the events or omissions giving to rise [sic] to the claims asserted herein occurred in El Paso County, Texas." Am. Compl., Mar. 11, 2016, ECF No. 17.

Since Plaintiffs filed their Amended Complaint in March 2016, there has been extensive litigation in this matter, including two orders on dispositive motions and an interlocutory appeal. However, the case has not yet proceeded to formal discovery, and Plaintiffs' "Motion for Class Certification" (ECF No. 71), filed September 12, 2017, is still pending. While the Motion for Class Certification was under consideration, the Court inquired at a May 15, 2018, status conference as to why this case is being litigated in El Paso. Plaintiffs' counsel Daniel Dutko indicated that while he initially believed potential class members were located in El Paso, he no longer so believes. Further, Mr. Dutko confirmed that the named Plaintiffs do not live in El Paso and that little or no effort has been made to find out whether the conduct at issue in this case has any relationship to El Paso.

Based on these revelations, the Court ordered the parties to show cause as to why this case should not be transferred to the Eastern District of Texas. Specifically, it ordered the parties to explain why El Paso was a preferable or more convenient venue for this case than the Sherman Division of the Eastern District of Texas, where Collin County is located and where the alleged misconduct occurred. Unsurprisingly, Defendants did not object to the proposed transfer, and Plaintiffs stressed that a transfer would cause prejudice and would not promote judicial economy. However, Plaintiffs further stated that if the Court were to rule on its motion for class certification, they would drop any objections to a transfer. After due consideration, the Court will decline to rule on the motion for class certification and transfer the case.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). District courts have "broad discretion in deciding whether to order a transfer" pursuant to § 1404(a). *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav.*

*Bank*, 811 F.2d 916, 919 (5th Cir. 1987)). District courts may transfer cases upon motion or sua sponte. *Nelson v. Lewis*, No. CIV.A. 1:07-CV-135, 2007 WL 869571, at *1 (E.D. Tex. Mar. 21, 2007) (citing *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989)); *accord Caldwell*, 811 F.2d at 919 ("Under the transfer statute, a district court may transfer a case upon a motion or sua sponte.").

"The threshold question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district." *In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004). If the answer to that question is yes, then a court must consider a variety of public and private interest factors to determine whether the proposed new forum is "clearly more convenient." *Id.* The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (quoting *Volkswagen I*, 371 F.3d at 203). The public interest factors that courts consider are:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id.* (alteration in original) (quoting *Volkswagen I*, 371 F.3d at 203). These factors, although appropriate in most cases, "are not necessarily exhaustive or exclusive." *Id.* Moreover, none of the factors "can be said to be of dispositive weight." *Id.* (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

## III. ANALYSIS

### A. Whether Plaintiffs Could Have Brought Suit in the Proposed Transferee Forum

Twenty-eight U.S.C. § 1391 governs choice of venue. It states that "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C § 1391(b)(2). Neither party disputes that the events giving rise to Plaintiffs' causes of action occurred solely in Collin County, Texas, which is located in the Sherman Division of the Eastern District of Texas. Thus, suit could have been brought in the proposed transferee district.

6

B. **Private Interest Factors**

1. **Relative Ease of Access to Sources of Proof**

The first factor to consider is the relative ease of access to sources of proof, specifically documents and records. *See Optimum Power Solutions LLC v. Apple, Inc.*, 794 F. Supp. 2d 696, 701 (E.D. Tex. 2011) ("Courts analyze this factor in light of the distance that documents, or other evidence, must be transported from their existing location to the trial venue."). Because formal discovery has not yet commenced, the scope and volume of the documents that will be relevant in this case are yet unknown. However, based on the nature of this case, it is unlikely that the physical location of the litigation will affect either party's access to documents or other physical evidence. At least preliminarily, it does not appear that any difficult logistical issues would result from keeping this case in El Paso. Thus, this factor weighs neither in favor of nor against transferring the case.

2. **Cost of Attendance for Willing Witnesses**

The second factor to consider is the cost of attendance for willing witnesses. This factor weighs heavily in favor of transferring the case because all potential witnesses, including Plaintiffs, are located in

7

Collin County. Specifically, Plaintiffs allege that Defendants' allegedly deceptive conduct occurred at loan stores in Plano, Texas, which is located in Collin County. Thus, any PLS employees who may provide relevant evidence would be located in or around Collin County. Further, both Plaintiffs still reside in or around Collin County. Finally, the Collin County DA's office is located in Collin County, not El Paso. Thus, witnesses who work in the DA's office who can testify to the theft-by-check affidavit process and the issuance of demand letters to debtors would be located primarily in and around Collin County. Thus, the location of witnesses weighs in favor of transferring the case.

### 3. Availability of Compulsory Process to Secure Witnesses

The third factor to consider is the availability of compulsory process to secure witnesses. This factor applies only to non-party witnesses. *Vargas v. Seamar Divers Intern., LLC*, No. 2:10-CV-178-TJW, 2011 WL 1980001, at *5 (E.D. Tex. May 20, 2011). Besides members of the Collin County DA's office, the Court is unaware of any non-party witnesses that either party might call. The necessity of such witnesses will likely become clearer during discovery. However, in their response to the Court's order to show cause, Plaintiffs raised no

compulsory process issues that might result from a transfer. This factor weighs neither in favor of nor against transferring the case.

### 4. All Other Practical Problems

Finally, the Court must consider all other practical problems that make trial of a case easy, expeditious, and inexpensive. Neither party disputes that litigating this case in the Sherman District would likely be more convenient for all parties involved. Both Plaintiffs appear to reside in Collin County, as do the majority of putative class members. All fact witnesses and pertinent documents are likely located in that area as well. There is no reason to believe keeping the case in El Paso would reduce logistical issues or conserve more judicial resources than transferring the matter.

Plaintiffs' arguments for keeping this case in El Paso are: (1) they will potentially face prejudice due to delays caused by the transferee court's need to familiarize itself with this case; and (2) it would waste judicial resources that the Court has expended in adjudicating the disputes in this case.

First, it is true that Plaintiffs will likely have to wait longer for a disposition on their motion for class certification if this case is

transferred. However, because the issue is fully briefed, there is no reason why the additional time would be substantial compared to when this Court would have decided the motion. Additionally, Plaintiffs' willingness to agree to a transfer if the Court were to rule on their motion for class certification demonstrates the absence of serious prejudice in the event of a transfer. Plaintiffs' statement indicates that but for the pending class certification motion, Plaintiffs do not have a strong objection to trying this case in the Sherman Division. However, Plaintiffs fail to grapple with the fact that the decision on a class certification motion "should rest with the court that will have to manage [the] case to trial." *Jones v. Walgreen Co.*, 463 F. Supp. 2d 267, 272–73 (D. Conn. 2006); *see also Connors v. Lexington Ins. Co.*, 666 F. Supp. 434, 456 (E.D.N.Y. 1987) ("There is ample authority for the proposition that [class certification] motions should be decided by the transferee court, which is ultimately responsible for the litigation."). The Court is wary to preempt a decision by the transferee judge that will so drastically affect case management and trial of this case. Thus, even if the Court believed class certification to be appropriate in this case, the transferee court is the appropriate body to make that

determination. Plaintiffs provide no analysis of this persuasive case law or argument as to why it is inapplicable here.

Second, while it is true that the Court has spilled considerable ink in adjudicating the parties' various motions, it does not follow that a transfer would amount to a waste of judicial resources. The Court's decisions regarding previous disputes between the parties are still binding unless the transferee court chooses to revisit them. Thus, these efforts were not wasted. Further, while the Court has been considering the pending motion for class certification for some time, these efforts were also not in vain. It was through the Court's consideration of this motion that it came to understand that a transfer was likely appropriate in this case.

Due to the convenience of the parties and witnesses and the lack of serious prejudice, the Court concludes the private interest factors weigh in favor of a transfer.

### D. Public Interest Factors

Regarding administrative difficulties from court congestion, Plaintiff provided no statistics illustrating congestion in the proposed transferee court compared to this Court. While the Court is sensitive to

the Sherman Division's busy civil and criminal docket, it would be speculative at best to use this factor in weighing whether a transfer is appropriate. Next, Collin County undoubtedly has a localized interest in adjudicating this case in the Sherman Division. While Plaintiffs seek to certify a state-wide action, Plaintiffs' case concerns Collin County businesses that allegedly engaged in fraud and deceptive practices against Collin County residents. Further, counsel for Plaintiffs indicated that he has had little luck locating instances of these alleged practices outside of Collin County. Finally, Defendants' alleged practices involve Collin County law enforcement and raise questions about law enforcement's potentially improper role in civil debt collection in Collin County. Accordingly, transferring this case would favor the public interest.[1]

After considering the private and public interest factors for determining the propriety of a transfer, the Court concludes that transferring this case to the Eastern District of Texas is appropriate.

---

[1] The third and fourth public interest factors—familiarity of the forum with the law that will govern the case and the potential for conflict of laws issues—are inapplicable here. Thus, the Court declines to address them.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that the above-captioned cause is **TRANSFERRED** to the **SHERMAN DIVISION OF THE EASTERN DISTRICT OF TEXAS.**

**SIGNED** this \_\_\_25\_\_\_ day of **June, 2018**.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE